IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,**<br>1000 Massachusetts Ave. NW<br>Washington, DC 20001<br><br>  **Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br>935 Pennsylvania Ave. NW<br>Washington, D.C. 20535<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br><br>  **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff CATO INSTITUTE brings this suit to force Defendants FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce records regarding audits of the FBI's compliance or noncompliance with FISA Section 702.

## PARTIES

2. Plaintiff CATO INSTITUTE ("CATO") is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues. CATO is the FOIA requester in this case.

3. Defendant FEDERAL BUREAU OF INVESTIGATION is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DOJ is the parent agency of FBI.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## JANUARY 24, 2025 FOIA REQUEST TO DOJ

7. On January 24, 2025, Plaintiff submitted a FOIA request to DOJ seeking the following:

> I request records (as defined in 44 U.S.C. § 3301) from the offices of the Attorney General, Deputy Attorney General, Legal Policy, Legislative Affairs, or Public Affairs records on the following:
>
> 1. Records that mention Cato's August 16, 2024, FOIA request for FISA Section 702 query audits from August 16, 2024, to the date of this request.
>
> 2. Correspondence between the above-named Department offices and NSD referencing FISA Section 702 Query Audit Reviews completed between August 16, 2024, and the date of this request.
>
> 3. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between the abovenamed Department offices and NSD personnel referencing FISA Section 702 noncompliance incidents between August 16, 2024, and the date of this request.
>
> 4. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between the abovenamed Department offices and the Foreign Intelligence Surveillance Court (FISC) or the Foreign Intelligence Surveillance Court of Review (FISCR) referencing FISA Section 702 noncompliance incidents between August 16, 2024, and the date of this request.
>
> 5. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between the abovenamed Department offices and the staff or Members of the House Committee on the Judiciary, House Permanent Select Committee on Intelligence, Senate Committee on the

Judiciary, and the Senate Select Committee on Intelligence referencing FISA Section 702 noncompliance incidents between August 16, 2024, and the date of this request.

8. A true and correct copy of the FOIA request is attached as Exhibit 1.

9. On January 28, 2025, acknowledged receipt of the FOIA request, denied Plaintiff's request for expedited processing, assigned reference number FOIA-2025-02185 to the matter, and stated that additional time may be needed to respond to the request due to "unusual circumstances."

10. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

11. On July 28, 2025, Plaintiff asked DOJ to provide an estimated date of completion for the request.

12. A true and correct copy of the correspondence is included in Exhibit 3.

13. On August 11, 2025, DOJ provided an estimated completion date of November 5, 2026. *Id*.

14. DOJ did not send any further correspondence to Plaintiffs regarding this request.

15. As of the date of this filing, DOJ has not issued a determination on Plaintiff's request.

16. As of the date of this filing, DOJ has failed to make any responsive records promptly available to Plaintiff.

## FEBRUARY 14, 2025 FOIA REQUEST TO FBI

17. On February 14, 2025, Plaintiff submitted a FOIA request to FBI seeking the following:

> I request records (as defined in 44 U.S. C. § 3301) from the FBI as follows:
>
> 1. Records that mention Cato's August 19, 2024, FOIA request for FISA Section 702 query audits.
>
> 2. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and NSD personnel referencing

- 3 -

FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

3. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, or Office of Legal Counsel referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

4. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and the Foreign Intelligence Surveillance Court (FISC) or the Foreign Intelligence Surveillance Court of Review (FISCR) referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

5. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and staff or Members of the House Committee on the Judiciary, House Permanent Select Committee on Intelligence, Senate Committee on the Judiciary, and the Senate Select Committee on Intelligence referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

6. Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, Office of Legal Counsel, or the National Security Division that mention the December 2, 2024, Memorandum and Order by Eastern District of New York Judge LaShann DeArcy Hall in the matter of *U.S. v. Agron Hasbajrami*, 11-CR-623 (LDH), including any instructions, orders, guidance, or directives referencing the aforementioned decision between December 2, 2024, and the date of this request.

18. A true and correct copy of the request is attached as Exhibit 4.

19. On February 24, 2025, FBI acknowledged receipt of the FOIA and divided the request into five separate reference numbers for processing. FBI claimed that items two through six of Plaintiff's request were "overly broad" and do not "provide sufficient details to enable FBI personnel to locate potentially responsive records."

20. True and correct copies of the correspondence are included in Exhibit 5.

21. On March 5, 2025, Plaintiff administratively appealed FBI's denial of items two through six of the FOIA request.

22. A true and correct copy of the appeal letter is attached as Exhibit 6.

23. On June 26, 2025, FBI issued a response denying item one of Plaintiff's request in full under Exemptions (b)(5) and (b)(7)(E), claiming that disclosure would "interfere with interests protected by the deliberative process privilege" and "disclose techniques, procedures, or guidelines for law enforcement investigations or prosecutions and risk circumvention of the law." Plaintiff is not challenging FBI's response to item one of the FOIA request.

24. A true and correct copy of the response is attached as Exhibit 7.

25. On August 4, 2025, DOJ denied Plaintiff's administrative appeal of items two through six of the request and affirmed the FBI's actions on the request.

26. A true and correct copy of the appeal denial is attached as Exhibit 8.

27. FBI did not send any further correspondence to Plaintiff regarding this request.

28. As of the date of this filing, FBI has failed to make any responsive records promptly available to Plaintiff.

**COUNT I – DOJ'S FOIA VIOLATION**
**JANUARY 24, 2025 FOIA REQUEST**

29. Paragraphs 1-28 are incorporated by reference.

30. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

31. Defendant DOJ is a federal agency subject to FOIA.

32. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

33. Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

34. Defendant DOJ has failed to issue a determination within the statutory deadline.

35. Defendant DOJ has failed to produce all non-exempt records responsive to the request.

## COUNT II – FBI'S FOIA VIOLATION
## FEBRUARY 14, 2025 FOIA REQUEST

36. Paragraphs 1-28 are incorporated by reference.

37. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

38. Defendant FBI is a federal agency subject to FOIA.

39. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

40. Defendant FBI has failed to conduct a reasonable search for records responsive to the request.

41. Defendant FBI has failed to issue a determination within the statutory deadline.

42. Defendant FBI has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

    i. declare that Defendant has violated FOIA;

    ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

    iii. enjoin Defendant from withholding non-exempt public records under FOIA;

    iv. award Plaintiffs attorneys' fees and costs; and

    v. award such other relief the Court considers appropriate.

Dated: October 14, 2025

                                              RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com