UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATO INSTITUTE,

       Plaintiff,

  v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

       Defendants.

Civil Action No. 25-3656 (JEB)

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order entered on January 15, 2026, the parties, Plaintiff, Cato Institute, and Defendants, the Federal Bureau of Investigation ("FBI") and United States Department of Justice, by and through the undersigned counsel, respectfully submit this joint status report.

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking a response to its January 24, 2025, and February 14, 2025, FOIA requests, which sought records related to FISA Section 702. *See* Compl. (ECF No. 1) ¶¶ 7-28.  Plaintiff filed the complaint on October 14, 2025 (ECF No.1), and Defendants timely answered on November 28, 2025 (ECF No. 11). Following the filing of the Answer, the parties conferred regarding the status of the FOIA requests at issue and report as follows:

As previously reported, the parties had discussed Plaintiff's request and renewed request for expedited processing and that Defendants denied expedited processing.

The Plaintiff's February 14, 2025, Complaint listed six items it requested from the FBI. Those six items are listed below. The FBI assigned each request either a FOIA Number or an NFP number, which is also noted below.

1. [FOIA #1659852] Records that mention Cato's August 19, 2024, FOIA request for FISA Section 702 query audits.

2. [NFP #170247] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and NSD personnel referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

3. [NFP #170248] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, or Office of Legal Counsel referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

4. [NFP #170249] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and the Foreign Intelligence Surveillance Court (FISC) or the Foreign Intelligence Surveillance Court of Review (FISCR) referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

5. [NFP #170283] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and staff or Members of the House Committee on the Judiciary, House Permanent Select Committee on Intelligence, Senate Committee on the Judiciary, and the Senate Select Committee on Intelligence referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

6. [NFP #170284] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, Office of Legal Counsel, or the National Security Division that mention the December 2, 2024, Memorandum and Order by Eastern District of New York Judge LaShann DeArcy Hall in the matter of *U.S. v. Agron Hasbajrami*, 11-CR-623 (LDH), including any instructions, orders, guidance, or directives referencing the aforementioned decision between December 2, 2024, and the date of this request.

**Defendants' Position Statement**

For #1 (FOIA #1659852), Plaintiff is not challenging the FBI's determination in this lawsuit. *See* Compl. ¶ 23.

For #2 (NFP #170247), #4 (NFP #170249), and #6 (NFP #170284), the FBI determined pre-suit that the requests did not contain sufficient detail to enable Department personnel to locate potentially responsive records with a reasonable amount of effort. Plaintiff's lawsuit challenges that determination. The FBI reports that #3 (NFP #170248) was not administratively appealed. The parties will now attempt to confer about the scope of the FBI's searches.

For #3 (NFP #170248), the Plaintiff chose not to appeal the FBI's determination, dated February 24, 2025, that the request did not contain sufficient detail to enable Department personnel to locate potentially responsive records with a reasonable amount of effort. *See* Compl. Exhibit 6. For #2 (NFP #170247), #3 (NFP #170248), #4 (NFP #170249), and #6 (NFP #170284), the FBI determined pre-suit that the requests did not contain sufficient detail to enable Department personnel to locate potentially responsive records with a reasonable amount of effort. Plaintiff's

lawsuit challenges that determination, save #3 (NFP #170248), which was not administratively appealed. The parties will now attempt to confer about the scope of the FBI's searches.

For #5 (NFP #170283), the FBI reports that Office of Congressional Affairs (OCA) provided records in response to NFP #170283. FBI also reports that RIDS is currently coordinating with the FOIA processing unit. FBI has identified approximately 28 potentially responsive pages that must be reviewed by the FBI classification team. The FBI further reports that it anticipates releasing any responsive, nonexempt pages by June 15.

Regarding Plaintiff's request to DOJ (reference number FOIA-2025-02185), the Office of Information Policy ("OIP") reports that it has completed its initial electronic keyword search and is currently conducting an initial responsiveness review and deduplication of the search results returned. OIP anticipates completing this initial responsiveness review by May 18, 2026, after which it will provide an estimated timeline for processing of potentially responsive material identified.

Defendants oppose Plaintiff's attempt to litigate the appropriate timing of FBI's completion of its production in a joint status report. Ordering an agency to complete an action is different than the Court addressing scheduling matters for the Parties in a FOIA case. Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion." A separately filed motion would allow the Court to see exactly what relief Plaintiff requests, the factual bases (if any) in support, and the legal argument(s) trying to justify this relief. A separately filed motion would also provide notice to Defendants so that they could appropriately prepare their response, gather factual materials if needed, and address the merits.

**Plaintiff's Position Statement**

For #1 (FOIA #1659852), #2 (NFP #170247), #4 (NFP #170249), and #6 (NFP #170284), Plaintiff concurs with what Defendants reported above in their position statement.

For #3 (NFP #170248), Plaintiff reports that it did not receive a determination letter from Defendants pre-suit. Thus, there was no obligation for Plaintiff to file an administrative appeal for #3 (NFP #170248). 5 U.S.C. § 552(a)(6)(C); *see, e.g.*, *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020). Accordingly, no determination letter for #3 (NFP #170248) is included in Complaint Exhibit 5, nor is the administrative appeal included in Complaint Exhibit 6. *See* ECF No. 1-1. With regards to this request, Defendants should process it as normal or confer with Plaintiff about the scope, if necessary.

For #5 (NFP #170283), Plaintiff respectfully requests that the Court order the FBI to process and produce the 28 potentially responsive pages by April 10, 2026, because these records deal with a controversial statute that Congress plans to vote on reauthorizing the week of April 13, 2026.

FOIA requires agencies to "make the records promptly available," 5 U.S.C. § 552(a)(3)(A), an instruction the D.C. Circuit has construed to be mandatory, *see Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 774 (D.C. Cir. 2018) (holding that FOIA contains a "mandate that federal agencies 'shall' make requested records 'promptly available.'") (quoting 5 U.S.C. § 552(a)(3)(A)). *See also id.* at 785 (Pillard, J., concurring) ("There is no doubt that Congress intended FOIA's time limits to be mandatory."). Though the statute does not set precise time limits for producing records, production typically must occur within "days or a few weeks of a 'determination [to produce records],' not months or years." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)).

- 5 -

There is no basis to spend 91 days processing 28 pages, which under Defendants' proposed schedule would be over three days per page.  Plaintiff reports that Section 702 of the Foreign Intelligence Surveillance Act is set to sunset in April 2026, but Congress will be voting on an 18-month extension the week of April 13, 2026.[1]  The requested records deal with the Defendants' communications with Congress about noncompliance incidents under Section 702.  *See* ECF No. 1.  The Court should not allow Defendants to delay the release of these critical records until after Congress votes on FISA Section 702's reauthorization.  Plaintiff's proposed order is attached.

*        *        *

The parties propose that they file a subsequent status report on or before May 15, 2026, updating the Court on the processing of the FOIA requests at issue in this matter, including the number of identified records and anticipated dates of release.

Dated: March 16, 2026
       Washington, DC


/s/ *Merrick Jason Wayne*
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No. MA0044
Loevy & Loevy
311 N. Aberdeen Street Third Floor
Chicago, IL 60607
(312) 243-5900 (Wayne)
foia@loevy.com


*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Zachary J. Krizel*
    ZACHARY J. KRIZEL
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    (202) 252-2518
    Zachary.Krizel@usdoj.gov


*Attorneys for the United States of America*

---

[1] https://www.politico.com/live-updates/2026/03/10/congress/section-702-house-vote-00821126

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATO INSTITUTE,

       Plaintiff,

   v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

       Defendants.

Civil Action No. 25-3656 (JEB)

**[PLAINTIFF'S PROPOSED] ORDER**

UPON CONSIDERATION of the parties' joint status report and their respective position statements contained therein, it is hereby

ORDERED that Defendants shall process the 28 potentially responsive pages to #5 (NFP #170283) and release any non-exempt portions to Plaintiff by April 10, 2026, and it is further

ORDERED that the parties shall have through and including May 15, 2026, to file a joint status report in this action.

SO ORDERED:

_____
Dated

_____
UNITED STATES DISTRICT JUDGE

- 7 -