UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATO INSTITUTE,

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

        Defendants.

Civil Action No. 25-3656 (JEB)

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order entered on March 18, 2026, the parties, Plaintiff, Cato Institute, and Defendants, the Federal Bureau of Investigation ("FBI") and United States Department of Justice, by and through the undersigned counsel, respectfully submit this joint status report.

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking a response to its January 24, 2025, and February 14, 2025, FOIA requests, which sought records related to FISA Section 702. *See* Compl. (ECF No. 1) ¶¶ 7-28.  Plaintiff filed the complaint on October 14, 2025 (ECF No.1), and Defendants timely answered on November 28, 2025 (ECF No. 11). Following the filing of the Answer, the parties conferred regarding the status of the FOIA requests at issue and report as follows:

As previously reported, the parties had discussed Plaintiff's request and renewed request for expedited processing and that Defendants denied expedited processing.

The Plaintiff's February 14, 2025, Complaint listed six items it requested from the FBI. Those six items are listed below. The FBI assigned each request either a FOIA Number or an NFP number, which is also noted below.

1.  [FOIA #1659852] Records that mention Cato's August 19, 2024, FOIA request for FISA Section 702 query audits.

2.  [NFP #170247] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and NSD personnel referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

3.  [NFP #170248] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, or Office of Legal Counsel referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

4.  [NFP #170249] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and the Foreign Intelligence Surveillance Court (FISC) or the Foreign Intelligence Surveillance Court of Review (FISCR) referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

5.  [NFP #170283] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI personnel and staff or Members of the House Committee on the Judiciary, House Permanent Select Committee on Intelligence, Senate Committee on the Judiciary, and the Senate Select Committee on Intelligence referencing FISA Section 702 noncompliance incidents between August 19, 2024, and the date of this request.

6.  [NFP #170284] Letterhead memoranda, emails, instant messages (via platforms such as Slack, Microsoft Teams, or similar platforms), text messages, and records in any other format to/from/between FBI and personnel in the Offices of the Attorney General, Deputy Attorney General, Office of Legal Counsel, or the National Security Division that mention the December 2, 2024, Memorandum and Order by Eastern District of New York Judge LaShann DeArcy Hall in the matter of *U.S. v. Agron Hasbajrami*, 11-CR-623 (LDH), including any instructions, orders, guidance, or directives referencing the aforementioned decision between December 2, 2024, and the date of this request.

**Defendants' Position Statement**

For #1 (FOIA #1659852), Plaintiff is not challenging the FBI's determination in this lawsuit. *See* Compl. ¶ 23.

For #2 (NFP #170247), #4 (NFP #170249), and #6 (NFP #170284), the FBI determined pre-suit that the requests did not contain sufficient detail to enable Department personnel to locate potentially responsive records with a reasonable amount of effort. Plaintiff's lawsuit challenges that determination. The FBI reports that #3 (NFP #170248) was not administratively appealed. The parties will now attempt to confer about the scope of the FBI's searches.

The FBI reports that #3 (NFP #170248) was not administratively appealed when the Plaintiff chose not to appeal the FBI's determination, dated February 24, 2025, that the request did not contain sufficient detail to enable Department personnel to locate potentially responsive records with a reasonable amount of effort. *See* Compl. Exhibit 6. Plaintiff believes no administrative appeal was necessary because it did not receive a denial letter. The parties will confer to resolve this matter.

For #5 (NFP #170283), the FBI reports that Office of Congressional Affairs (OCA) provided records in response to NFP #170283. FBI further report that it made its production of 14 responsive pages on April 13, 2026.[1]

Regarding Plaintiff's request to DOJ (reference number FOIA-2025-02185), the Office of Information Policy ("OIP"), as previously reported, completed its initial electronic keyword search and is continuing to conduct an initial responsiveness review and deduplication of the search results returned.   OIP, through counsel, has shared a narrowing proposal for Plaintiff's consideration to facilitate this review.  Once this initial responsiveness review and deduplication is completed, OIP will begin the initial processing of any potentially responsive material, which will include sending material, as necessary, to other Executive Branch entities for consultation on their equities.  OIP expects to issue interim responses as consultations are completed.

**Plaintiff's Position Statement**

Plaintiff reports that Congress and the President extended the deadline to reauthorize FISA Section 702 to June 12, 2026.

For #1 (FOIA #1659852), #2 (NFP #170247), #4 (NFP #170249), and #6 (NFP #170284), Plaintiff concurs with what Defendants reported above in their position statement.

For #3 (NFP #170248), Plaintiff reports that it did not receive a determination letter from Defendants pre-suit.  Thus, there was no obligation for Plaintiff to file an administrative appeal for #3 (NFP #170248).  5 U.S.C. § 552(a)(6)(C); *see, e.g.*, *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020).  Accordingly, no determination letter for #3 (NFP #170248)

---

[1] In this Court's March 18, 2026, Minute Order, this Court ordered Defendant FBI to produce records responsive to request NFP #170283 on or before April 10, 2026. Due to a mailing delay, Plaintiff did not receive those records on April 10, 2026. Plaintiff notified the Defendant of this lapse and worked to deliver the production to Plaintiff's counsel on April 13, 2026.

is included in Complaint Exhibit 5, nor is the administrative appeal included in Complaint Exhibit 6. *See* ECF No. 1-1. With regards to this request, Defendants should process it as normal or confer with Plaintiff about the scope, if necessary.

For #5 (NFP #170283), Plaintiff received a response from the FBI on April 13, 2026,  in which the FBI reviewed 28 pages and determined to release 14 pages.  Plaintiff reviewed the production and raised concerns with Defendant about Defendant's search for communications with Congress about FISA Section 702 non-compliance.

For the request to DOJ (reference number FOIA-2025-02185), OIP sent Plaintiff a narrowing proposal on May 15, 2026. Plaintiff agreed to the narrowing proposal the same day.

*        *        *

The parties propose that they file a subsequent status report on or before June 15, 2026, updating the Court on the processing of the FOIA requests at issue in this matter, including the number of identified records and anticipated dates of release.

Dated:  May 15, 2026
       Washington, DC

/s/ *Merrick Jason Wayne*
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No. MA0044
Loevy & Loevy
311 N. Aberdeen Street Third Floor
Chicago, IL 60607
(312) 243-5900 (Wayne)
foia@loevy.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Zachary J. Krizel*
    ZACHARY J. KRIZEL
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    (202) 252-2518
    Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*